UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x

PETER BLISS, Father and Natural Guardian of
LAURA BLISS, an infant over fourteen (14)
years of age,

                              Plaintiffs,                           06 Civ. 15509 (KMK)(GAY)

        -against-

PUTNAM VALLEY CENTRAL SCHOOL, et al.,

                              Defendants.

------------------------------------------------------------------------------x

## DECISION AND ORDER

Presently before the Court is a motion by the New York State Temporary

Commission of Investigation (the "Commission") to quash a subpoena served upon it by

plaintiffs pursuant to Fed.R.Civ.P. 45(c)(3)(A).  The subpoena seeks materials obtained

during the Commission's investigation into the 2003 response of the Putnam County

Sheriff's Department, Putnam County District Attorney's Office, and Putnam Valley

School District to plaintiffs' allegation that a teacher had sexually assaulted her in 2001.

The Commission interviewed several witnesses, including the alleged victim and her

parents.  The Commission also interviewed members of the Sheriff's Department,

members of the District Attorney's Office, a former student, and current and former

School District employees.  The Commission also held private hearings during whcih

several witnesses testified.  The Commission issued a report in April 2008 containing

findings and recommendations that is available to the parties.

The Commission asserts that its enabling legislation, N.Y. Unconsolidated Laws

§7501-7507, contains strict confidentiality provisions prohibiting the disclosure of information obtained during its investigations.  It also contends that N.Y. Civil Rights Law §73 prohibits the disclosure of any testimony or evidence.  The Commission also objects to the subpoena on relevancy grounds and alleges that it is overbroad.  Plaintiffs allege that the materials sought are both relevant to the litigation herein and would not prejudice the public safety or security.  Moreover, plaintiffs contend that a confidentiality order could be issued limiting dissemination of said materials.

Initially, "it should be emphasized that New York State law does not govern discoverability and confidentiality in federal civil rights actions."  Fountain v. The City of New York, No. 03 Civ. 4526, 2004 WL 941242 *5 (S.D.N.Y. May 3, 2004)(citations and quotations omitted).  "Privilege questions arising in federal civil rights actions are governed by federal law."  Id. (citation omitted).  To resolve such discovery disputes, federal courts must balance the plaintiff's interest in disclosure against the state's legitimate concern of the protecting the confidentiality of the requested information.  Unger v. Cohen, 125 F.R.D. 67, 69 (S.D.N.Y. 1989); King v. Conde, 121 F.R.D. 180, 190-91 (S.D.N.Y. 1988).  Moreover, a "strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policies."  Lora v. Board of Education, 74 F.R.D. 565, 576 (E.D.N.Y. 1977)(quotation and citation omitted).

Here, the Commission points to various State statutes safeguarding the confidentiality of its investigations and witnesses. The Commission also contends that the subpoena is overbroad and seeks materials that are not relevant to the civil action

herein.  On the other hand, plaintiffs argue that the materials sought are relevant to their claims herein and that an appropriate confidentiality order would limit the use of the materials only as necessary in this action.  The Court conclude that although the subpoena is overbroad in some respects, it also requests information relevant to the claims herein; and information reasonably calculated to lead to the discovery of admissible evidence in accordance with the broad, liberal federal discovery rules.  The Court further concludes that the plaintiffs' need for the following materials in this federal civil rights action outweighs the stated concerns of the Commission.  Moreover, an appropriate protective  order can address the confidentiality concerns of the Commission.

As such, the Court directs that the subpoena is hereby modified to require the following materials to be provided by the Commission to the plaintiffs:

1.  Transcripts of any testimony of the following individuals before the Commission: Peter Bliss, Laura Bliss, Dennis Tave, Edward Tallisey, Sam Oliverio, Jr., Robert A. Pauline, Robert Cancellaro, and Gary Tutty; all of whom are parties to this federal civil action.  Any reports or memoranda of interviews of said parties are also to be provided.

2.  Transcripts of the testimony of any other individuals testifying before the Commission shall be submitted to the chambers of the undersigned for *in camera* review.  Any report or memoranda of interviews of said individuals are also to be submitted for an *in camera* review.

Plaintiffs may charged with the costs of the transcripts.  The Commission and plaintiffs herein are to confer on an appropriate confidentiality order which would allow disclosure to all parties herein.  The proposed confidentiality order is to be submitted to

chambers by October 14, 2008. The materials to be provided pursuant to this Order

shall be produced by October 14, 2008.

SO ORDERED:

Dated: September 19, 2008
White Plains, New York

_____
GEORGE A. YANTHIS, U.S.M.J.